STATE OF INDIANA ) IN THE BARTHOLOMEW COUNTY SUPERIOR
) COURT
COUNTY OF
BARTHOLOMEW )SS:
) CAUSE NO. 03D01 1206 PL 002948

Terrence Preddie,

    Plaintiff,

v.

Bartholomew County Consolidated School Corp.

    Defendants.

FILED JUN - 6 2012

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### GENERAL ALLEGATIONS

1. Terrence Preddie was hired by Bartholomew County Consolidated School Corporation as an elementary school teacher beginning in the 2009 academic year.

2. Mr. Preddie performed admirably for the 2009-2010 school year earning accolades from the school principal.

3. Mr. Preddie is an African-American male with a son who has Sickle Cell Anemia, a serious health condition. Mr. Preddie himself has experienced physical impairments and/or serious health conditions of diabetes and blood pressure issues.

4. The instant action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.*, The Family Medical Leave Act ("FMLA") of 1993 as amended, codified at 29 U.S.C. § 2601 *et seq*; The Americans With Disabilities Act

08-085

("ADA"), as amended codified at 42 U.S.C. § 12101 *et seq*, the Civil Right Act of 1866, as amended, codified at 42 U.S.C. §1981 *et seq*, the Civil Rights Act of 1871, as amended, codified at 42 U.S.C.§ 1983 and/or 1986 *et seq*, and the Civil Rights Act of 1991, as amended, codified at 42 U.S.C.§1981(a), *et seq* .

5. Bartholomew County Consolidated Schools Corporation is a corporate entity, with offices at 2771 Illinois Ave, Columbus, IN 47201.

## SPECIFIC ALLEGATIONS

6. In the instant action Mr. Preddie claims he was illegally discriminated against due to his race, and/or due to his disability, real or as perceived by the Defendant, and/or due to his accessing Family Medical Leave Act leave, and/or in retaliation for his exercising rights under the above-referenced statues. Further, he claims that his rights under Family Medical Leave Act and the Americans with Disabilities Act to accommodation and/or leave have been unlawfully denied.

7. In October 2010, after having taught in Bartholomew County Consolidated School Corporation ("BCCSC") successfully for one year, Mr. Preddie required leave, due to acute onset symptoms his son was experiencing in conjunction with Sickle Cell Anemia with which his son has been afflicted since birth.

8. Dr. Diane Clancy, Respondent's supervisor, unlawfully disciplined Mr. Preddie due to the brief leave time necessitated by his son's disability.

9. On another occasion, within the same timeframe Mr. Preddie was admitted to a hospital, after passing out in his vehicle with low blood pressure, due to the impact of diabetes.

10. As a result of his impairment and/or serious health condition, Mr. Preddie necessitated a brief leave time, and requested same as a form of reasonable accommodation, under the ADA, and pursuant to his rights under The Family and Medical Leave Act.

11. Additionally, in December 2010, Mr. Preddie necessitated leave for three to four days due to elevated blood pressure, chest pains and impaired kidney functions, due to his diabetes disability, necessitating a brief leave of absence as reasonable accommodation.

12. Dr. Clancy unlawfully disciplined Mr. Preddie in a discriminatory fashion over his disability and/or leave that was necessitated by his impairment and/or serious health conditions.

13. In the last week of February 2011, Mr. Preddie necessitated a brief leave, again as a reasonable accommodation due to a serious health condition, in order to have various tests run.

14. In comparison to similarly-situated persons not of Mr. Preddie's race, nor with his serious health condition or impairment, Mr. Preddie was disciplined in disparate fashion.

15. Defendant BCCSC did not renew Mr. Preddie's teaching contract for the 2011-2012 school year, in disparate fashion with others similarly-situated to Mr. Preddie, but not of his race nor with his impairment/serious health condition, and denied him transfer to another school within BCCSC, and, further, precluded him from obtaining future employment with BCCSC.

16. Defendant has admitted that Mr. Preddie was being terminated in the Spring of 2011 due to his requesting reasonable accommodation and/or taking leave that was protected under FMLA or ADA.

17. As a result of Defendant's unlawful discrimination against Mr. Preddie due to one or more of: his race, disability, exercising protected rights under the FMLA or the ADA, and /or as a result of Defendant not providing him required leave and/or not providing him reasonable

3

accommodation, Mr. Preddie has suffered loss of income, benefits and opportunities for advancement.

## COUNT I

18. Plaintiff incorporates by reference the allegations set forth in paragraphs 1–17, as if fully set forth herein.

19. Defendant is liable to Mr. Preddie under Title VII, for the unlawful discrimination against him due to his race and/or because of retaliation against him for asserting his rights under Title VII.

WHEREFORE, Plaintiff demands judgment against Defendants for all relief to which he may be entitled to due to the violation of his rights under the Title VII, including but not limited to lost pay and benefits, loss of current and prospective opportunities for career advancement, lost current and prospective retirement fund contributions and benefits, compensatory damages, punitive and/or exemplary damages, attorneys fees and/or costs, reinstatement, injunctive and other legal and/or equitable relief as may be awarded to Plaintiff by this Court for said violations.

## COUNT II

20. Plaintiff incorporates by reference the allegations set forth in paragraphs 1–17, as fully set forth herein.

21. Defendant is liable to Mr. Preddie due to Defendant's failure to provide a reasonable accommodation under the ADA.

WHEREFORE, Plaintiff demands judgment against Defendants for all relief to which he may be entitled due to violation of his rights under the ADA, including but not limited to lost pay and benefits, loss of current and prospective opportunities for advancement, lost current and prospective retirement fund contributions and benefits, compensatory damages, punitive and/or

exemplary damages, attorneys fees and costs, reinstatement, injunctive and other legal and/or equitable relief as may be awarded to Plaintiff by this Court for said violations.

## COUNT III

22. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-17 as if fully set forth herein.

23. Defendant is liable to Mr. Preddie due to failure to provide him FMLA leave to which he is entitled under the FMLA.

WHEREFORE, Plaintiff demands judgment against Defendants BCCSC for relief to which he may be entitled due to violation of his rights under FMLA, including, but not limited to, lost pay and benefits, compensatory damages, lost retirement fund contributions and benefits, attorney's fees and costs, reinstatement, injunctive and other legal and/or equitable relief as may be awarded to Plaintiff by this Court, for said violation.

## COUNT IV

24. Mr. Preddie incorporates by reference the allegations set forth in paragraphs 1-17, as fully set forth herein.

25. Defendant is liable to the Plaintiff under one or more of the Civil Rights Acts of 1866, 1871, and/or 1991, due to discrimination against him because of his race.

WHEREFORE, Plaintiff demands judgment against Defendants, for relief to which he may be entitled due to the violation of the Civil Rights Acts of 1866, 1871 and 1991 by Defendants, jointly and severally, for all monetary amounts, including but not limited to lost pay and benefits, compensatory damages, lost current and prospective retirement fund contributions and benefits, punitive and/or exemplary damages, attorney's fees and costs, reinstatement,

injunctive and/or other legal and equitable relief as may be awarded to Plaintiff by this Court, for said violation.

## COUNT V

26. Mr. Preddie incorporates by reference the allegations set forth in paragraphs 1-17, as fully set forth herein.

27. Defendant is liable to Mr. Preddie due to unlawful retaliation taken against him for his opposition to unlawful practices and/or the exercise of his rights under one or more of the Civil Rights of 1866 and 1871, Title VII of the Civil Rights Act of 1964, the ADA, and/or the FMLA.

WHEREFORE, Plaintiff demands judgment against Defendants for legal and equitable relief to which he may be entitled, due to Defendant's unlawful retaliation, including but not limited to for the negative impact on his current and prospective opportunities and compensation.

Respectfully submitted,

ROBERT W. YORK & ASSOCIATES

James D. Masur II, 19681-49
Attorneys for Plaintiff Terrence Preddie

ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
317-842-8000
Fax: 317-577-7321
jdmasur@york-law.com

6

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial by jury of all issues so triable in the above-captioned cause.

ROBERT W. YORK & ASSOCIATES

*[signature]*

James D. Masur II, #19681-49
Attorneys for Plaintiff, Terrence Preddie

ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
(317) 842-8000

7